USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/18/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN DADAILLE,

                      Plaintiff,

           -against-

SING SING CORRECTIONAL FACILITY;
JOHN & JANE DOES UNKNOWN
AUTHORIZED DOCCS STAFF, UNKNOWN
RESPONSIBLE FOR PLAYING RECORDING
ON SPEAKERS; AND JOHN DOE, HIGHEST
MEMBER OF SECURITY DEPARTMENT
WHO SUPERVISES & AUTHORIZES P.A.
SYSTEM TO BE UTILISE,

                      Defendants.

26-CV-1266 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, for which he paid the filing fees, alleging that Defendants violated his constitutional rights. Plaintiff sues Sing Sing Correctional Facility, as well as an unidentified number of John and Jane Doe defendants who are employed by the New York State Department of Corrections and Community Supervision ("DOCCS") in Sing Sing Correctional Facility.[1]

---

[1] On January 8, 2026, Plaintiff commenced this action by filing a complaint in the Northern District of New York. (ECF No. 1.) On the next day, that court administratively closed the case due to Plaintiff's failure to pay the filing fees or submit an appropriate request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. (ECF No. 2.) Shortly after, Plaintiff paid the filing fees, and the Northern District of New York reopened the action and transferred it to this district under 28 U.S.C. § 1406(a). (ECF No. 5.) By order dated February 17, 2026 (ECF No. 8), the Hon. Laura Taylor Swain directed Plaintiff to sign the complaint, as required by Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff subsequently submitted a signature page (ECF No. 10), and this action was thereafter re-assigned to this Court's docket.

For the reasons that follow, the Court: (1) construes the claims against Sing Sing Correctional Facility to be asserted against the State of New York, and dismisses those claims under the doctrine of sovereign immunity; and (2) directs the Office of the New York State Attorney General to assist Plaintiff in identifying the John and Jane Doe employees who he seeks to sue.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.      Defendant Sing Sing Correctional Facility**

Defendant names Sing Sing Correctional Facility, which is a DOCCS correctional facility, as a defendant in this action. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Sing Sing Correctional Facility, as a DOCCS correctional facility, stands in the same position as the State of New York. *See Bryant v. New York State Dep't of Corr. Servs. Albany*, 146 F.

2

Supp. 2d 422, 426 (S.D.N.Y. 2001) (state correctional facility, as part of DOCCS, "is considered an arm of the state and stands in the same position as the State") (quoting *Jones v. Bishop*, 981 F. Supp. 290, 295 (S.D.N.Y. 1997). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because DOCCS—and by extension, its facilities, including Sing Sing Correctional Facility—are arms of the State of New York, they are protected by sovereign immunity. The Court therefore dismisses Plaintiff's claims against Sing Sing Correctional Facility under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      The John & Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint (and in the attachments to the complaint, which appear to be Plaintiff's communications with DOCCS grievance staff), Plaintiff supplies information that may permit DOCCS to identify: (1) the Jane and Jane Doe DOCCS staff members who have access to the public address system that reaches Plaintiff's housing unit or units and made announcements on the public address system concerning Plaintiff, and (2) the John Doe supervisory officer who is responsible supervising and authorizing the use of the public address system in Plaintiff's housing unit or units. It is therefore ordered that the Office of the New York State Attorney General, which is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John and Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Office

of the New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Court dismisses Plaintiff's claims against Sing Sing Correctional Facility under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: Managing Attorney's Office, 28 Liberty Street, New York, NY 10005.

An amended complaint form is attached to this order.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED:

Dated: March 18, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                      State                  Zip Code

_____

Telephone Number                 Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State                    Zip Code

Page 4

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

 If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7